# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **KESANIA POWELL** | § | |
| | § | |
| v. | § | |
| | § | NO. 4:23-cv-00783-SDJ-BD |
| **NELNET, INC.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

On September 12, 2024, the defendant moved to compel compliance with a subpoena for the deposition testimony of nonparty witness Dr. Thomas L. Jones. Dkt. 48. The motion also seeks attorneys' fees for work expended in securing compliance with the subpoena. *Id.* at 10–14. Having reviewed the motion and plaintiff Kesania Powell's response, Dkt. 53, the court will **GRANT** the motion in part.

## BACKGROUND

Powell sued Nelnet LLC, which she initially identified as "Nelnet, Inc.," and others for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. She seeks compensatory and punitive damages, including compensation for "severe emotional distress" caused by Nelnet's conduct. Dkt. 1 at 4, 13. Powell identified Dr. Thomas L. Jones, her therapist, as a potential witness. Dkt. 48 at 2.

Nelnet served Jones with a subpoena to produce certain documents, which are subject to an agreed protective order. Dkt. 31. Powell at first refused to sign a HIPAA release form and later signed a modified release that limited the information Jones could release to Nelnet. *See* Dkt. 40 at 4. After a hearing before the magistrate judge at which Nelnet alleged that Powell unjustifiably interfered with Jones's document production, the court ordered Powell to authorize Jones to release the requested documents. *See* Aug. 8, 2024, Minute Entry; Dkt. 43. The court also ordered Powell to produce communications between her counsel and Jones. Dkt. 43. Jones eventually

produced the requested documents. But after reviewing them, Nelnet served a subpoena ordering Jones to sit for a deposition via Zoom. Dkt. 48-1. Jones refused to appear. He instead filed a motion to quash the subpoena on the day of the scheduled deposition. Dkt. 46. Because the motion to quash did not comply with the Eastern District's local rules, the Clerk of Court flagged the filing as deficient, and this court did not consider the motion. *See* Clerk's Notice of Deficiency, entered Sept. 3, 2024.

Nelnet now moves to compel Jones's deposition testimony. Powell filed a response to the motion. Dkt. 53. Because Jones did not file a response, it is presumed that he does not controvert the facts set out in the motion or have any evidence to offer in opposition. *See* Local Rule CV-7(d). Jones previously defended his refusal to comply with the subpoena by insisting that he could not take time away from his counseling practice and that he would sit for a deposition only if Nelnet paid him his hourly fee for counseling services and the court ordered him deposed. Dkt. 48 at 8; Dkt. 48-2 at 3.

Powell's response asks the court to modify the subpoena to limit the scope of Jones's testimony to "a timeline of the documents produced." Dkt. 53 at 2. Powell did not file a timely motion to quash the subpoena. Neither does she argue why her proposed modification is required under Rule 26(b)(1) or why the protections afforded by Rule 30(c) and (d) do not adequately protect her interests.

## ANALYSIS

"Whether a [deposition] subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness," which requires a court to balance the burden of compliance against "whether the information is necessary and unavailable from any other source." *Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 377 (5th Cir. 2004). Jones, who identifies himself as a "counseling psychologist," Dkt. 48-2 at 9, insists that sitting for a deposition will keep him away from his patients. Powell claims that Nelnet intends the deposition to last "up to 7 hours." Dkt. 53 at 2. Federal Rule of Civil Procedure 30(d)(1) allows for a deposition of up to

2

seven hours in a single day unless the court permits a longer time consistent with Rule 26(b)(1). Nelnet rightly points out that even physicians "must sit for depositions just like everyone else." Dkt. 48 at 8. Further, as Powell's counselor, Jones is best positioned to testify about her alleged emotional distress and its connection to Nelnet's conduct. Weighing the need for the information, the unavailability of that information from other sources, and the burden of complying with the subpoena, the court finds that a deposition conducted via Zoom and limited to the time permitted by Rule 30(d)(1) will not unduly burden Jones.

Nor is Jones entitled to his usual hourly fee for time spent testifying in a deposition. Witnesses testifying at trial or deposition "shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). Witnesses are entitled to additional reimbursements for travel expenses, *id*. § 1821(c)–(d), but those expenses do not apply to a deposition conducted via Zoom. Powell suggests that, if she were permitted to call Jones as an expert witness, then "this dispute would be handled." Dkt. 53 at 2. But Powell identified Jones as a fact witness, *id.* at 1, and Nelnet seeks his testimony only as such. If Powell wants to introduce Jones's expert testimony, she is free to do so, subject to the limitations of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Nelnet has offered to pay Jones the fee to which he is entitled by statute. Jones's refusal to testify unless paid his usual hourly fee is not supported by any legal authority.

As to Jones's refusal to sit for a deposition unless ordered by the court, a subpoena is a court order that calls upon a "public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned." *United States v. Bryan*, 339 U.S. 323, 331 (1950) (citing *Blair v. United States*, 250 U.S. 273, 281 (1919)). Jones has been ordered to testify, and he refused without good cause. Refusal to comply with a valid subpoena may subject the witness to a finding that he is in contempt of court pursuant to Federal Rule of Civil Procedure 45(g) and to confinement for up to the remainder of the proceeding pursuant to 28 U.S.C. § 1826(a).

Finally, Nelnet seeks an award of attorneys' fees. Jones failed to comply with a valid subpoena. His retained counsel filed a deficient motion to quash the subpoena and failed to refile a corrected

motion after notice from the Clerk of Court. Jones and his counsel have advanced meritless arguments and needlessly delayed discovery. Rule 37(a)(5)(A) requires this court, upon granting a motion to compel discovery, to order the party or deponent necessitating the motion to pay the movant's reasonable expenses, including attorneys' fees. The court, however, may order the deponent to pay those expenses only after "giving an opportunity to be heard" and must not order the deponent to pay expenses if his noncompliance was substantially justified or other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

Nelnet's deposition subpoena is not unduly burdensome to Jones. Neither Powell nor Jones has identified a valid basis for relieving Jones of his duty to testify at a deposition.

It is **ORDERED** that the motion, Dkt. 48, is **GRANTED** to the extent that it requires Jones to sit for a deposition during the month of October, 2024.

It is further **ORDERED** that, within 14 days of this order, Jones must file a response setting forth his position on the award of expenses and fees pursuant to Rule 37(a)(5)(A). His response may also request oral argument on the matter.

So ORDERED and SIGNED this 30th day of September, 2024.

_____
Bill Davis
United States Magistrate Judge